**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **SHERI WADE** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. 3:18cv828** |
| | ) |
| **INTERWORKS UNLIMITED, INC.** | ) |
| | ) |
|     **Defendant.** | ) |

## COMPLAINT

Plaintiff Sheri Wade ("Ms. Wade"), by counsel, hereby files her Complaint seeking judgment against Defendant Interworks Unlimited, Inc. ("Defendant"). In support of her claims against Defendant, Ms. Wade alleges as follows:

## JURISDICTION AND VENUE

1.　　This Court has diversity jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332.

2.　　Venue is proper, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the acts and omissions giving rise to Ms. Wade's claims occurred within the Eastern District of Virginia.

3.　　Assignment to the Richmond Division of the Eastern District of Virginia is proper, pursuant to Eastern District of Virginia Local Rules 3(B)(4) and 3(C), because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in Chesterfield County.

## PARTIES

4.　　Ms. Wade is a natural person and resident of the Commonwealth of Virginia who

suffered severe, permanent physical injury as a direct and proximate result of Defendant's violation of the Virginia Consumer Protection Act and breach of express warranty as alleged herein.

5.      Defendant is a California corporation with its principal place of business in City of Industry, California.

## STATEMENT OF FACTS

6.      On December 12, 2016, Ms. Wade purchased a High Roller Hoverboard Smart-C ("Hoverboard") as a Christmas present for her son.

7.      On January 8, 2017, Ms. Wade attempted to ride the Hoverboard in her home.

8.      Before she began operating the Hoverboard, Ms. Wade read the User Manual accompanying the product.[1]

9.      As suggested by the User Manual, Ms. Wade donned the recommended safety equipment, including a helmet, kneepads, and appropriate shoes before attempting to operate the Hoverboard.  Ex. A at 3, 5, 8-9.

10.      Nowhere in the User Manual is a recommendation that the user wear wrist guards while operating the Hoverboard.  In fact, pictorial depictions in the User Manual of the safe manner to operate the Hoverboard plainly exclude any indication that wrist guards should be used.  Id.

11.      Moreover, the User Manual specifically provided that the Hoverboard came equipped with self-balancing technology that "can secure front and back movement" and that the Hoverboard had built in warning mechanisms to alert a passenger if he/she was not at a sufficient "balance state" to allow for safe movement.  See Ex. A at 3, 7 ("If rider is not at a balance state,

---

[1] A true and accurate copy of this User Manual has been attached hereto as **Exhibit A**.

the alarm will go off and indicator light will turn on. This means the system cannot self-balance and you should get off and start over until the device starts to self-balance.").

12.     Ms. Wade stepped on the Hoverboard as directed in the User Manual and none of the warning mechanisms referenced above activated.  Accordingly, she attempted to move forward on the Hoverboard in the manner directed by the User Manual.  However, when she did, the Hoverboard suddenly lurched backwards.

13.     As a result of the unexpected and unpredictable reaction of the Hoverboard, Ms. Wade immediately fell forward and landed on her left arm.

14.     As a result of her fall, Ms. Wade sustained severe fractures in her left wrist and left arm, and underwent a 9-hour surgery to address these injuries.

### COUNT I – VIOLATION OF VIRGINIA CONSUMER PROTECTION ACT

15.     Ms. Wade incorporates the foregoing paragraphs of this pleading as if fully alleged herein.

16.     Under the Virginia Consumer Protection Act, "suppliers" may not engage in certain prohibited practices. Va. Code Ann. § 59.1-200.

17.     At all times relevant to this action, Defendant was a "supplier" within the meaning of the Virginia Consumer Protection Act.  Va. Code Ann. § 59.1-198.

18.     Defendant's provision of the Hoverboard to Ms. Wade constituted a "consumer transaction" under the Virginia Consumer Protection Act.  Id.

19.     Accordingly, it was unlawful for Defendant to engage in any "deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction" Va. Code Ann. § 59.1-200(14).

20.     Notwithstanding the foregoing, Defendant made several misrepresentations and/or

false promises regarding the Hoverboard, to include:

    a. The Hoverboard's self-balancing technology would allow for secure forward movement;

    b. An alarm and indicator light would warn Ms. Wade if the she was not at a sufficiently self-balanced state to enable safe movement on the same; and

    c. Wrist guards were not part of the safety gear needed to safely to operate the Hoverboard.

21. As a direct and proximate result of Defendant's violations of the Virginia Consumer Protection Act, Ms. Wade suffered the following damages: physical pain and mental anguish, past, present, and that which she may reasonably be expected to suffer in the future; inconvenience, past, present, and that which she may reasonably be expected to suffer in the future; medical expenses, past, present, and that which she may reasonably be expected to suffer in the future; lost earnings and loss of earning capacity, past, present, and that which she may reasonably be expected to suffer in the future; and has otherwise been damaged.

## COUNT II – BREACH OF EXPRESS WARRANTY

22. Ms. Wade realleges the foregoing paragraphs of this pleading as if fully set forth herein.

23. An express warranty that a good shall conform to its description is created when a description of the good is made part of the basis of the bargain. Va. Code Ann. § 8.2-313(1)(b).

24. Defendant made the following express warranties through express text and pictorial representations in its user manual:

    a. The Hoverboard's self-balancing technology would allow for secure forward movement;

    b.  An alarm would go off and an indicator light would turn on if the Hoverboard was not at a sufficiently self-balanced state to enable safe movement; and

    c.  It was safe to operate the Hoverboard without wristguards.

25.    These express warranties became part of the basis of the bargain between Ms. Wade and Defendant.

26.    Defendant breached these express warranties when the Hoverboard purchased by Ms. Wade did not conform to Defendant's description of the same as alleged in Paragraph 24.

27.    Specifically, the Hoverboard's self-balancing technology did not allow Ms. Wade to move forward securely. An alarm did not go off, nor did an indicator light turn on, even though Ms. Wade was clearly not at a sufficiently balanced state to permit safe movement on the same.

28.    In addition, it was not safe for Ms. Wade to operate the Hoverboard without wrist guards.

29.    Ms. Wade relied upon Defendant's warranties when she attempted to operate the Hoverboard.

30.    As a result of Defendant's breaches of its various express warranties as articulated herein, Ms. Wade suffered the following damages: physical pain and mental anguish, past, present, and that which she may reasonably be expected to suffer in the future; inconvenience, past, present, and that which she may reasonably be expected to suffer in the future; medical expenses, past, present, and that which she may reasonably be expected to suffer in the future; lost earnings and loss of earning capacity, past, present, and that which she may reasonably be expected to suffer in the future; and has otherwise been damaged.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant in the sum of

$2,000,000.00 (TWO MILLION DOLLARS) for compensatory damages, attorneys' fees pursuant to Va. Code Ann. § 59.1-206, pre-judgment and post-judgment interest, and punitive damages as permitted by law and determined by the finder of fact.

**A JURY TRIAL IS REQUESTED.**

Respectfully Submitted,

SHERI WADE

By: _____
        Counsel

Jonathan E. Halperin - VSB No. 32698
Andrew Lucchetti – VSB No. 86631
Halperin Law Center, LLC
5225 Hickory Park Drive, Suite B
Glen Allen, VA 23059
(804) 527-0100
(804) 597-0209 facsimile
jonathan@hlc.law
andrew@hlc.law