IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SHERI WADE,**

    **Plaintiff,**

v.                                                                               **Civil Action No. 3:18cv828**

**INTERWORKS UNLIMITED, INC.,**

    **Defendant.**

## ORDER

This matter comes before the Court on Plaintiff Sheri Wade's Motion for Default Judgment. (Mot. Default J., ECF No. 9.) Wade brought this personal injury action against Defendant Interworks Unlimited, Inc. ("Interworks"), alleging a violation of the Virginia Consumer Protections Act[1] and a breach of express warranty.[2] (Compl. 3–4, ECF No. 1.) Wade served Interworks, (ECF No. 4), and after Interworks failed to respond, Wade moved for entry of default, (ECF No. 6). The Clerk entered default, (ECF No. 7), and Wade now moves for default judgment.

Prior to entering a default judgment, the Court must ensure that: (1) it possesses personal jurisdiction over the defaulting party; (2) it possesses subject-matter jurisdiction over each of the claims; (3) the action is in the proper venue; and, (4) the defaulting party received proper service

---

[1] Particularly, Wade claims Interworks made several misrepresentations that directly contributed to her injuries in violation of Virginia Code § 59.1-200, which makes unlawful the "following fraudulent acts or practices committed by a supplier in connection with a consumer transaction are . . . Using any [] deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction." VA. CODE ANN. § 59.1-200.

[2] In Count II of her Complaint, Wade avers that Interworks breached several express warranties in violation of Virginia Code § 8.2-313(1)(b), which states: "Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." VA. CODE ANN. § 8.2-313(1)(b).

of process. *Am. Auto. Assoc. v. AAA Auto Glass, LLC,* No. 1:14-cv-01072, 2015 WL 3545927, at *1–2 (E.D. Va. June 3, 2015). The Court also must "determine whether the well-pleaded allegations in [Plaintiff's] complaint support the relief sought in this action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

Wade's request for default judgment falters at the first requirement: personal jurisdiction. Wade attempted, in good faith, to establish that this Court may exercise personal jurisdiction over Interworks based on a stream-of-commerce liability theory. But, Wade relies heavily on law that predates the controlling guidance by the Supreme Court of the United States in decisions such as *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873 (2011) and *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102 (1987), as well as their progeny.

Because these seminal decisions form the background against which this Court must establish personal jurisdiction, the Court DENIES WITHOUT PREJUDICE Wade's request for default judgment. (ECF No. 9.) Should Wade choose to move for default judgment again, she SHALL do so no later than September 6, 2019, and she SHALL cite to the most recent and relevant Supreme Court guidance in any arguments in favor of finding personal jurisdiction. Should Wade decline to pursue default judgment, the Court will dismiss without prejudice her Complaint.

It is SO ORDERED.

_____
/s/
M. Hannah Lauck
United States District Judge

Date: 8/12/2019
Richmond, Virginia