UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SHERI WADE, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:18-cv-00828-MHL |
| INTERWORKS UNLIMITED, INC. ) | |
| Defendant. ) | |

### MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO EXCEED LOCAL RULE PAGE LIMIT

Plaintiff Sheri Wade ("Ms. Wade"), by counsel and pursuant to Local Rule 7(F)(3) ("LR 7[F][3]"), hereby submits her Memorandum in Support of Motion for Leave to Exceed Local Rule Page Limit (the "Motion"). In support of the relief requested in the Motion, Ms. Wade respectfully states the following:

### ARGUMENT

1. On March 19, 2019, Ms. Wade moved for default judgment against Defendant Interworks Unlimited, Inc. (ECF No. 9).

2. On August 12, 2019, the Court entered an Order (ECF No. 11) denying Ms. Wade's Motion for Default Judgment without prejudice and granting Ms. Wade leave to file a Second Motion for Default Judgment provided that Ms. Wade addressed certain decisional law penned by the Supreme Court of the United States regarding the stream of commerce theory of personal jurisdiction.

3. Ms. Wade is confident that she can address these authorities (and their progeny) and demonstrate that they do not counsel a different result than the one urged in Ms. Wade's original Memorandum in Support of Motion for Default Judgment.

4. However, Ms. Wade does believe that it would be difficult to give all of the issues implicated by the Second Motion for Default Judgment a complete analysis within the 30 pages permitted by LR 7(F)(3).

5. Accordingly, Ms. Wade respectfully requests leave to exceed the page limit of 30 pages set forth in LR 7(F)(3) by 10 pages in submitting her Memorandum in Support of Second Motion for Default Judgment.

6. In the alternative, Ms. Wade requests leave to incorporate content by reference from her original Memorandum in Support of Motion for Default Judgment (ECF No. 10) into her Memorandum in Support of Second Motion for Default Judgment where appropriate to conserve as much briefing space as possible for addressing the most complex issue presented by Ms. Wade's request for default judgment in this case—i.e., personal jurisdiction.

7. Good cause exists to grant the relief requested herein. Ms. Wade's original filing facially demonstrates that she made every effort to address all of the issues necessary to establish the propriety of default judgment in this case within LR 7(F)(3)'s page limit of 30 pages, but that the analysis was nonetheless unduly cramped.

8. Good cause further exists to grant the relief requested herein in that the personal jurisdiction question raised in this case is a novel one in the Fourth Circuit and, accordingly, merits a greater depth of analysis than more settled issues of law.

## **CONCLUSION**

Accordingly, Ms. Wade respectfully requests that the Court grant her the relief requested by the Motion and any other relief deemed appropriate.


DATE:  August 14, 2019                              Respectfully submitted,
                                                    SHERI WADE


                                                    By: _____/s/_____
                                                                    Counsel

Jonathan E. Halperin, Esq. (VSB No. 32698)
Andrew Lucchetti, Esq. (VSB No. 86631)
Isaac A. McBeth, Esq. (VSB No. 82400)
Halperin Law Center, LLC
5225 Hickory Park Drive, Suite B
Glen Allen, VA 23059
Phone: (804) 527-0100
Facsimile: (804) 597-0209
jonathan@hlc.law
andrew@hlc.law
isaac@hlc.law

and

Brody Reid, Esq. (VSB No.75343)
Reid Goodwin, PLC
4116 Fitzhugh Avenue
Richmond, Virginia 23230
Phone: (804) 415-7800
Facsimile: (804) 415-7560
breid@reidgoodwin.com
*Counsel for Plaintiff*