IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SHERI WADE,**

    **Plaintiff,**

v.                                                      Civil Action No. 3:18cv828

**INTERWORKS UNLIMITED, INC.,**

    **Defendant.**

### ORDER

This matter comes before the Court on Plaintiff Sheri Wade's Motion for Leave to Exceed Local Rule Page Limit (the "Motion"). (ECF No. 12.) Defendant Interworks Unlimited, Inc. ("Interworks") has not responded, though the time to do so has not yet expired.[1]

In the Motion, Wade asks that the Court allow her to exceed the page limit imposed by Local Rule for the United States District Court for the Eastern District of Virginia 7(F)(3).[2] Specifically, Wade requests that the Court allow her to "exceed the page limit of 30 pages . . . by 10 pages in her Memorandum in Support of Second Motion for Default Judgment." (Mem.

---

[1] Interworks failed to respond to Wade's Complaint after Wade served Interworks with process. Wade requested entry of default against Interworks and the Clerk entered it. Wade then moved for default judgment, which the Court denied because Wade failed to address certain seminal decisions in her personal jurisdiction analysis within her Motion for Default Judgment. The Court granted Wade leave to file a Second Motion for Default Judgment.

[2] Local Rule 7(F)(3) mandates that

> All briefs, including footnotes, shall be written in 12 point Roman style or 10 pitch Courier style with one inch margins. Except for good cause shown in advance of filing, opening and responsive briefs, exclusive of affidavits and supporting documentation, shall not exceed thirty (30) 8-1/2 inch x 11 inch pages double-spaced and rebuttal briefs shall not exceed twenty (20) such pages.

E.D. Va. Loc. Civ. R. 7(F)(3).

Supp. Mot. ¶ 5, ECF No. 13.) Wade asserts that good cause exists for her request because "she made every effort to address all of the issues necessary to establish the propriety of default judgment in this case within [Local Rule] 7(F)(3)'s page limit of 30 pages, but that analysis was nonetheless unduly cramped."[3] (*Id.* ¶ 7.) She avers that the exercise of personal jurisdiction in this case "is a novel one in the Fourth Circuit and, accordingly, merits a greater depth of analysis than more settled issues of law." (*Id.* ¶ 8.)

Recognizing that Interworks has not yet responded, but not wishing to delay this matter further, for good cause shown, the Court GRANTS the Motion, (ECF No. 12), and GRANTS Wade LEAVE to exceed the page limit imposed by Local Rule 7(F)(3) by ten (10) pages to forty (40) pages total.

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 8/19/2019
Richmond, Virginia

---

[3] The Court recognized in its Order denying Wade's first Motion for Default Judgment that "Wade attempted, in good faith, to establish that this Court may exercise personal jurisdiction over Interworks based on a stream-of-commerce liability theory." (Aug. 12, 2019 Order 2, ECF No. 11.)