UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SHERI WADE | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Case No. 3:18cv828 |
| | ) |
| INTERWORKS UNLIMITED, INC. | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE DEFAULT JUDGMENT**

Plaintiff Sheri Wade ("Ms. Wade"), by counsel and pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(4), hereby submits her Memorandum in Support of Motion to Set Aside Default Judgment (the "Motion"). Specifically, Ms. Wade requests that this Court set aside the default judgment entered herein on September 16, 2020 (ECF No. 17). In support of the relief requested herein, Ms. Wade respectfully states the following:

**LEGAL STANDARD**

Rule 60 governs a party's right to relief from a judgment. Of note to the present case, subsection (b)(4) provides that a party may obtain relief from judgment where the judgment at issue is void. Fed. R. Civ. P. 60(b)(4). A judgment is not rendered void merely because it is erroneous or might have been successfully overturned on appeal. Cromer v. Kraft Foods North Am., 390 F.3d 812, 817 (4th Cir. 2004). Rather, a judgment is "void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Eberhardt v. Integrated Design & Constr., 167 F.3d 861, 871 (4th Cir. 1999) *(*quoting Schwartz v. United States, 976 F.2d 213, 217 (4th Cir.1992))*.*

1

**FACTUAL BACKGROUND**

The instant case arises out of an alleged breach of express warranty and an alleged violation of the Virginia Consumer Protection Act ("VCPA") by Defendant Interworks Unlimited, Inc. ("Interworks"). On March 29, 2017, i.e., prior to the filing of this matter, Ms. Wade sent Interworks a pre-suit letter of representation/evidence preservation letter concerning her claims. See Pl.'s Letter to Interworks (Ex. A) at 1. Interworks seemingly forwarded that letter to its liability insurer ("Chubb"), because Chubb sent Ms. Wade a letter of acknowledgement on April 20, 2017. See Chubb Letter to Pl. (Ex. B) at 1. Ms. Wade attempted to pursue settlement with Interworks and sent Chubb a demand package to that end on June 26, 2017. See Pl.'s Letter to Chubb (Ex. C) at 1. Subsequently, on August 27, 2018, Chubb sent a letter to Taiping General Insurance Company ("Taiping") confirming Ms. Wade's claim, injury, and the particular Interworks' product involved, while also copying Interworks on that correspondence. See Chubb Letter to Taiping, (Ex. D) at 1.

Settlement discussions ultimately proved ineffective and Ms. Wade was required to initiate suit in this Court. Ms. Wade filed her Complaint (ECF No. 1) against Interworks on November 30, 2018. On January 8, 2019, Ms. Wade served Interworks via service on the Secretary of the Commonwealth in accordance with Va. Code Ann. § 8.01-329 and Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure. As noted in this Court's docket entry (ECF No. 4), Interworks was required to respond to the Complaint on or before February 12, 2019.

Interworks did not timely respond to the Complaint, or respond at all for that matter. Accordingly, Ms. Wade moved for an entry of default on February 14, 2019 (ECF No. 6). The Clerk docketed an Entry of Default against Interworks on February 19, 2019 (ECF No. 7). On

March 19, 2019, Ms. Wade moved for default judgment (the "Motion for Default Judgment") against Interworks (ECF Nos. 9-10).

Critical to the instant Motion, while Ms. Wade was awaiting a ruling on her Motion for Default Judgment, Interworks filed for bankruptcy in the Central District of California on July 9, 2019.  See generally Interworks Bankr. Pet. (Ex. E).  Despite the fact that Ms. Wade had previously been in communication with Interworks and Interworks' liability carrier regarding Interworks' alleged liability to Ms. Wade, Interworks did not list Ms. Wade as a creditor in its bankruptcy filings and did not otherwise give Ms. Wade notice that it had filed bankruptcy.  See generally Interworks' Creditor List (Ex. F)

On August 12, 2019, this Court entered an Order (ECF No. 11) denying Ms. Wade's Motion for Default Judgment, but granting Ms. Wade leave to file a second motion for default judgment provided her filing addressed certain decisional authorities concerning the issue of whether the Court could exercise personal jurisdiction over Interworks.  Ms. Wade filed a second motion (the "Second Motion for Default Judgment") for default judgment (ECF Nos. 15-16) on September 6, 2019.   On September 16, 2020, the Court entered an Order (ECF No. 17) granting Ms. Wade's Second Motion for Default Judgment.

After the entry of default judgment, Ms. Wade sought to initiate collection efforts and first learned at that time that Interworks had filed for bankruptcy prior to the Court's entry of default judgment against it.  On November 30, 2020, the bankruptcy court permitted Ms. Wade to file a late proof of claim in the bankruptcy.  See generally Order (Ex. G).  The bankruptcy court also granted Ms. Wade relief from the automatic stay on the same date to pursue judgment against Interworks for the purposes of collecting against any insurance policies that provided Interworks

3

liability coverage for the wrongful acts alleged in the Complaint. See generally Order (Ex. H).[1] Ms. Wade filed her proof of claim with the bankruptcy court on December 14, 2020. See generally Pl.'s Proof of Claim (Ex. I).

### ARGUMENT

The Fourth Circuit has not firmly established in a published decision whether it would regard a judgment taken in violation of an automatic stay—i.e., in violation of 11 U.S.C. § 362(a)(1)—as void or merely voidable. In re Loy, No. 07-51040-SCS, 2008 Bankr. LEXIS 1038, at *20 (Bankr. E.D. Va. Apr. 3, 2008) ("There is a split among the circuits as to whether an action taken in violation of the automatic stay is void or voidable. . . The Fourth Circuit has not weighed in on this issue." (internal citations omitted)). Indeed, it has expressly declined to resolve the question. Winters by & Through McMahon v. George Mason Bank, 94 F.3d 130, 136 (4th Cir. 1996).[2] As a result, some federal courts in the Fourth Circuit regard judgments obtained in violation of an automatic stay as void. See, e.g., In re Weatherford, 413 B.R. 273, 283 (Bankr. D.S.C. 2009); In re Bowman, No. 07-00701, 2008 Bankr. LEXIS 5097, at *30 (Bankr. W.D. Va. Mar. 31, 2008); In re Broad St. Assocs., 163 B.R. 68, 69 (Bankr. E.D. Va. 1993). However, other decisions have concluded that legal action taken in violation of an automatic stay is merely voidable. See, e.g., Cooper v. GGGR Invs., LLC, 334 B.R. 179, 194 (E.D. Va. 2005) ("In sum, the bankruptcy court correctly concluded that the technical violation of the automatic stay rendered

---

[1] However, that Order did not become effective until December 14, 2020 due to the 14-day stay provided by Bankruptcy Rule 4001(a)(3).
[2] It appears, however, that the Fourth Circuit has previously affirmed a bankruptcy court's ruling that a state court complaint filed in violation of the automatic stay was void in an unpublished decision. In re Byrd, 331 F. App'x 212, 213 (4th Cir. 2009).

the property transfer voidable, not void . . . ."); Clegg v. Powers, No. 97-0006-H, 1997 U.S. Dist. LEXIS 17189, at *17 (W.D. Va. Aug. 1, 1997).[3]

However, the technical difference between void and voidable is not significant to the present case. Specifically, regardless of whether the default judgment previously entered against Interworks could be presently characterized as void or voidable, it is clear that the Fourth Circuit would ultimately hold judicial action taken in a pre-petition proceeding—other than rote action—to be void where such action occurred in violation of the automatic stay. In re Knightsbridge Dev. Co., 884 F.2d 145, 148 (4th Cir. 1989) ("Ellison implies, and we agree, that no matter the investment it and the parties may have in the proceeding, a tribunal must halt its deliberations once bankruptcy intrudes . . . . We therefore reverse and remand with instructions to void the award for violating the stay."). Even though the violation of the automatic stay that occurred in this case was inadvertent in that Ms. Wade was completely unaware of the fact that Interworks had filed for bankruptcy at the time she filed both motions for default judgment,[4] such inadvertence does not cure the invalidity of the judgment obtained by Ms. Wade in violation of the automatic stay. In re Weatherford, 413 B.R. 273, 283 (Bankr. D.S.C. 2009); see also In re Red Ash Coal & Coke Corp., 83 B.R. 399, 403-04 (W.D. Va. 1988) ("No doubt exists that Foreston technically violated the automatic stay by obtaining the default judgment against Red Ash.").

---

[3] The difference between a "void" and "voidable" in this context refers to whether the particular matter under consideration can or cannot be redeemed from a state of legal invalidity. Clegg, 1997 U.S. Dist. LEXIS 17189, at *14. An order that is voidable is one whose legal defect can cured by some means or method, whereas an order that is void is stained by a legal defect that cannot be cured by any means or method. Id. The reasoning that many courts rely in treating actions taken in violation of the automatic stay as voidable, rather than void, is that a bankruptcy court has the power to legitimize action taken in violation of the automatic stay by annulling the automatic stay as to the action under consideration. Cooper, 334 B.R. at 193.

[4] Indeed, Interworks facilitated this lack of awareness by failing to list Ms. Wade as a creditor in its bankruptcy filings and give Ms. Wade notice that it had filed for bankruptcy.

Accordingly, given that Ms. Wade inadvertently sought and obtained default judgment against Interworks in violation of 11 U.S.C. § 362(a), Ms. Wade requests that this Court enter an Order setting aside the Default Judgment docketed as ECF No. 17 as void.  However, that being said, the instant action was commenced before Interworks filed for bankruptcy.  Accordingly, the filing of the suit itself and all judicial action that occurred herein up until the date of Interworks' filing for bankruptcy—i.e., July 9, 2019—remains valid and unaffected by 11 U.S.C. § 362.  In re Knightsbridge Dev. Co., 884 F.2d at 148 (noting that an arbitration award could be affirmed as valid notwithstanding the automatic stay if the arbitration panel had reached the decision "in word and deed" prior to the date that the bankruptcy petition had been filed).  Consequently, the Clerk's Entry of Default against Interworks on February 14, 2019 (ECF No. 6) remains in full force and effect.  Moreover, Ms. Wade had submitted her proof of claim in Interworks' bankruptcy proceeding and has obtained an order relieving her from the automatic stay so that she may continue the instant litigation against Interworks.  Accordingly, upon the Court's entry of an Order setting aside the current default judgment against Interworks, Ms. Wade respectfully requests that she be granted leave to seek default judgment against Interworks once more on the same bases previously asserted.

## CONCLUSION

Accordingly, for the reasons stated above, Ms. Wade respectfully requests that the Court set aside the judgment in this matter docketed as ECF No. 17 pursuant to Rule 60(b)(4) and grant her leave to seek default judgment against Interworks once more on the same bases previously asserted.

DATE: January 19, 2021  Respectfully submitted,

SHERI WADE

By: _____/s/_____
                    Counsel

Jonathan E. Halperin, Esq. (VSB No. 32698)
Andrew Lucchetti, Esq. (VSB No. 86631)
Isaac A. McBeth, Esq. (VSB No. 82400)
Halperin Law Center, LLC
5225 Hickory Park Drive, Suite B
Glen Allen, VA 23059
Phone: (804) 527-0100
Facsimile: (804) 597-0209
jonathan@hlc.law
andrew@hlc.law
isaac@hlc.law

and

Brody Reid, Esq. (VSB No.75343)
Reid Goodwin, PLC
4116 Fitzhugh Avenue
Richmond, Virginia 23230
Phone: (804) 415-7800
Facsimile: (804) 415-7560
breid@reidgoodwin.com
*Counsel for Plaintiff*