| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Steven M. Dailey (SBN 163857)<br>Rebecca L. Wilson (SBN 257613)<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine, California 92614-8595<br>Telephone:    (949) 417-0999<br>Facsimile:    (949) 417-5394<br>Email:         rebecca.wilson@KutakRock.com<br><br>Attorney for Sheri Wade<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**NOV 30 2020**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** carranza **DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** LOS ANGELES **DIVISION**

| In re:<br><br>INTERWORKS UNLIMITED, INC.<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:19-bk-17990-VZ<br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(Action in Nonbankruptcy Forum)**<br><br>DATE:  December 1, 2020<br>TIME: 10:00 a.m.<br>COURTROOM: 1368<br>PLACE: 255 E. Temple Street, Suite 1360<br>            Los Angeles, CA 90012 |

**MOVANT:**   Sheri Wade

1. The Motion was:  ☐ Opposed   ☐ Unopposed   ☒ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:

   Name of Nonbankruptcy Action:  Sheri Wade v. Interworks Unlimited, Inc.

   Docket number:  3:18cv828

   Nonbankruptcy court or agency where the Nonbankruptcy Action is pending:

   United States District Court, Eastern District of Virginia, Richmond Division

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 1                          F 4001-1.RFS.NONBK.ORDER

3. The Motion is granted under 11 U.S.C. § 362(d)(1).

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor ~~and the Debtor's bankruptcy estate~~ ***as conditioned below***.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to the Motion.

   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5. **Limitations on Enforcement of Judgment:** Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law. Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

   a. ☒ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

   b. ☐ Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☒ Other *(specify)*:

    a. The existing default judgment and any other judgment obtained by Movant in the nonbankruptcy forum is not preclusive or otherwise binding on the Chapter 7 Trustee or the bankruptcy estate.
    b. The existing default judgment and any other default judgment obtained by Movant is not preclusive or otherwise binding on the Debtor, the Chapter 7 Trustee, or the bankruptcy estate with respect to any claim for coverage by or indemnity from an insurer.
    c. The Movant is authorized, to the extent necessary, to obtain judgment against the Debtor, solely for the purposes set forth herein and/or for the purpose of pursuing any indemnity coverage which may be available from any non-debtor party.

###

Date: November 30, 2020

Vincent P. Zurzolo
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 2                          F 4001-1.RFS.NONBK.ORDER