IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SHERI WADE,**

      **Plaintiff,**

**v.**                                                                       Civil Action No. 3:18cv828

**INTERWORKS UNLIMITED, INC.,**

      **Defendant.**

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiff Sheri Wade's Motion to Set Aside Judgment (the "Motion"). (ECF No. 19.) Defendant Interworks Unlimited, Inc. ("Interworks") has neither appeared in the above-captioned matter nor responded to the instant motion and the time to do so has expired. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332(a).[1] Accordingly, this matter is ripe for disposition. For the reasons that follow, the Court will grant the Motion to Set Aside Judgment.

## I. Background

The instant case arises out of Wade's two-count complaint against Interworks for: (1) breach of express warranty; and, (2) an alleged violation of the Virginia Consumer Protection

---

[1] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Interworks "is a California corporation with its principal place of business in City of Industry, California." (Compl. ¶ 5, ECF No. 1.) Wade is a resident of the Commonwealth of Virginia. (*Id.* ¶ 4.) The amount in controversy exceeds $75,000. (*Id.* 6.)

Act ("VCPA") for misstatements in a High Roller Hoverboard Smart-C ("Hoverboard") User Manual. (Compl. 2–4.)

Before filing her case, on March 29, 2017, Wade alleges she "sent Interworks a pre-suit letter of representation/evidence preservation letter concerning her claims." (Mem. Supp. Mot.2, ECF No. 19; *id.* Ex. 1 "March 29, 2017 Letter," ECF No. 19-1.) In response, on April 20, 2017, Wade received a letter from Interwork's "general liability carrier," Chubb, that it had been "put on notice for [Wade's] claim." (*Id.* Ex. 2 "April 20, 2017 Letter" 1, ECF No. 19-2.) Two months later, on June 26, 2017, Wade "sent Chubb a demand package" in an attempt to pursue settlement with Interworks. (Mem. Supp. Mot. 2.) "Settlement discussions ultimately proved ineffective," and on November 30, 2018, Wade filed her Complaint in this Court. (*Id.*)

On January 8, 2019, Wade served Interworks via service on the Secretary of the Commonwealth in accordance with Virginia Code § 8.01-329 and Federal Rule of Civil Procedure 4(h)(1)(A). (ECF No. 4.) Interworks did not respond to the Complaint or any subsequent filing in this matter. On February 14, 2019, Wade moved for entry of default, (ECF No. 6), which the Clerk entered on February 19, 2019, (ECF No. 7). One month later, on March 19, 2019, Wade moved for default judgment against Interworks ("First Motion for Default Judgment"). (ECF No. 9.)

On July 9, 2019, while Wade's First Motion for Default Judgment was pending before the Court, Interworks filed for bankruptcy in the Central District of California without Wade's knowledge. (*See* Mem. Supp. Mot. Ex. 5 "Interworks Voluntary Petition for Non-Individuals Filing for Bankruptcy," ECF No. 19-5.) Despite confirming "notice" of Wade's claim, Interworks did not list Wade as a creditor in its bankruptcy case. (*See id.* Ex. 6 "Verification of Master Mailing List of Creditors," ECF No. 19-6.)

2

On August 12, 2019, the Court denied Wade's First Motion for Default, granting Wade leave to file an amended motion for default to include recent United States Supreme Court authority as to the Court's personal jurisdiction over Interworks. (ECF No. 11.) On September 6, 2019, Wade filed an amended Motion for Default Judgment (the "Second Motion for Default Judgment"). (ECF No. 15.) On September 16, 2020, the Court entered an Order, (ECF No. 17), granting Wade's Second Motion for Default Judgment.

After the Court's entry of default judgment, Wade states that she "sought to initiate collection efforts" against Interworks. (Mem. Supp. Mot. 3.) Wade alleges that she then learned of Interworks's bankruptcy proceeding. (*Id.*) On November 30, 2020, the Central District of California Bankruptcy Court "permitted Wade to file a late proof of claim in the bankruptcy." (*See generally id.* Ex. 7, ECF No. 19-7.) That same day, the Bankruptcy Court granted Wade "relief from the automatic stay on the same date to pursue judgment against Interworks for the purposes of collecting against any insurance policies that provided Interworks liability coverage for the wrongful acts alleged in the Complaint." (Mem. Supp. Mot. 3–4.) On December 14, 2020, Wade "filed her proof of claim" with the Bankruptcy Court. (*Id.* 4.)

On January 19, 2021, Wade filed the instant motion, requesting relief from this Court's entry of default (docketed during the bankruptcy proceeding's automatic stay) under Rule 60(b)(4). (ECF No. 18.) Interworks has not responded to the Motion, and the time to do so has expired.

For the reasons that follow, the Court will grant the Motion.

## II. Standards of Review

### A. Federal Rule of Civil Procedure 60(b)

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or, (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Providing relief under Rule 60(b) constitutes "an extraordinary remedy that should not be awarded except under exceptional circumstances." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness,[] 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." *Coleman v. Jabe*, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)) (stating that even a "postjudgment change in decisional law . . . rarely provide[s] sufficiently extraordinary circumstances to justify relief under Rule 60(b)(6)" (citations omitted)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 933 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Only after a showing of these "exceptional circumstances" may a Court find relief under one of the six factors. *Mayfield*, 674 F.3d at 378.

4

B.  **Judgments in Violation of an Automatic Stay**

When a bankruptcy case is filed, 11 U.S.C. § 362(a)(1)[2] automatically stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before" the bankruptcy action. *Mink v. Balt. Behavioral Health, Inc.*, 2013 WL 3507314, at *1 (D. Md. July 10, 2013) (quoting 11 U.S.C. § 362(a)(1)). "The purpose of the automatic stay, in addition to protecting the relative position of creditors, is to shield the debtor from financial pressure during the pendency of the bankruptcy proceeding." *Winters ex rel. McMahon v. George Mason Bank*, 94 F.3d 130, 133 (4th Cir. 1996).

The United States Court of Appeals for the Fourth Circuit has stated that judgments are void "for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). Courts have construed a lack of jurisdiction narrowly, generally limiting Rule 60(b)(4) relief to those cases when the court clearly had no basis for exercising jurisdiction. *Id.* at 412–13 (collecting cases). Disagreement exists "as to whether an action taken in violation of [an] automatic stay" in a bankruptcy proceeding "is void

---

[2] Section 362(a)(1) reads, in relevant part:

> a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

5

or voidable."[3] *In re Bennett*, 317 B.R. 313, 316 (Bankr. D. Md. Nov. 12, 2004). The Fourth Circuit has not taken a position on the question.[4] *See In re Loy*, No. 07-51040-SCS, 2008 WL 906503, at *6 (Bankr. E.D. Va. Apr. 3, 2008); *Winters*, 94 F.3d at 136. Nevertheless, the Fourth Circuit has concluded in some cases that an action in violation of an automatic stay was "void" due to the violation of the automatic stay. *In re Knightsbridge Dev.*, 884 F.2d 145, 148 (4th Cir. 1989).

### III. Analysis

Because the Court's order of default judgment violated the automatic stay, the Court will grant the Motion and provide Wade relief from judgment pursuant to Rule 60(b)(4). Although Wade had engaged in settlement negotiations with Interworks, Interworks failed to list her as a creditor in its Central District of California bankruptcy proceeding. Therefore, Wade pursued her case in this Court without knowledge of the automatic stay. As such, Wade obtained default judgment against Interworks, violating the automatic stay.

---

[3] Under Virginia law, a judgment that merely "voidable" is "valid until avoided, and its invalidity cannot be set up in a suit to enforce the judgment," whereas a judgment that is "void ... is a nullity, and that fact may be shown by anybody, anywhere, and at any time." *Johnston v. Pearson*, 93 S.E. 640, 641 (Va. 1917). Therefore, some courts may consider a judgment rendered during a bankruptcy proceeding stay voidable because "the bankruptcy court has the power to cure violations of the stay retroactively" by granting an annulment of the stay. *Cooper v. GGGR Invs., LLC*, 334 B.R. 179, 194 (Bankr. E.D. Va. Dec. 7, 2005)

The Central District of California Bankruptcy Court did not annul the stay as to Wade's default judgment in the instant case, but instead, granted Wade "relief from the automatic stay ... to pursue judgment against Interworks for the purposes of collecting against any insurance policies that provided Interworks liability coverage for the wrongful acts alleged in [Wade's] Complaint." (Mem. Supp. Mot. 3–4.)

[4] Indeed, even courts within the Eastern District of Virginia disagree as to whether such a judgment would be void or merely voidable. *Compare In re Broad St. Assocs.*, 163 B.R. 68, 69 (Bankr. E.D. Va. 1993), *with Cooper*, 334 B.R. at 194 ("In sum, the bankruptcy court correctly concluded that the technical violation of the automatic stay rendered the property transfer voidable, not void ...."). In any event, the Court will find the order void as it was entered in violation of the automatic stay.

6

During the automatic stay, the Court lacked jurisdiction to order default judgment against Interworks, rendering the judgment void. *In re Knightsbridge Dev.*, 884 F.2d at 148. An automatic stay mandates a hold on "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before" the bankruptcy action. *Mink*, 2013 WL 3507314, at *1 (quoting 11 U.S.C. § 362(a)(1)). Although Wade lacked knowledge of the automatic stay stemming from Interworks's bankruptcy proceeding in California, her default judgment nonetheless violated the automatic stay. *Id.* Therefore, this Court lacked jurisdiction to grant Wade default judgment against Interworks because of the automatic stay. *In re Bennett*, 317 B.R. at 316. As such, Rule 60(b)(4) provides appropriate relief because the Court finds "void"[5] the judgment previously entered for lack of jurisdiction. *Wendt*, 431 F.3d at 412.

## IV. Conclusion

For the reasons stated above, the Court GRANTS the Motion. (ECF No. 19). The Court RELIEVES Wade from the Order for default judgment, (ECF No. 17), under Rule 60(b)(4) as void due to the automatic stay of the instant case while Interworks's bankruptcy proceeding

---

[5] Although the issue of whether the Court's order of default judgment amounts to a "void" or "voidable" judgment is of no moment because the judgment violated the automatic stay, the Court sees the judgment as "void" because no means exist to cure the default judgment. *Cooper*, 334 B.R. at 194. The Bankruptcy Court did not annul the stay to cure Wade's judgment as against Interworks. Instead, the Bankruptcy Court provided relief from the stay only for Wade "for the purposes of collecting against any insurance policies that provided Interworks liability coverage for the wrongful acts alleged in the Complaint." (Mem. Supp. Mot. 3–4.) Therefore, the Court finds the *Cooper* discussion as to the Bankruptcy Court's power to remedy a voidable judgment of no moment. 334 B.R. at 194 (discussing bankruptcy court's "power to cure violations of [a] stay retroactively."). Because the Court's order of default judgment violated the stay and because the Bankruptcy Court did not retroactively cure the judgment, the Court determines that Wade's default judgment is void based on the facts at bar. *See id.*; *Johnston*, 93 S.E. at 641.

pends. Because Wade now has relief from the automatic stay, the Court GRANTS Wade leave to seek default judgment against Interworks on the same bases previously asserted.

All other entries by the Court and the Clerk's Office prior to the start of Interworks's July 9, 2019 bankruptcy proceeding REMAIN in full effect.

Let the Clerk send a copy of the Memorandum Order to all counsel of record.

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 4/28/2021
Richmond, Virginia