UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SHERI WADE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-00828-MHL |
| ) | |
| INTERWORKS UNLIMITED, INC. ) | |
| ) | |
| Defendants. ) | |

**THIRD MOTION FOR DEFAULT JUDGMENT**

Plaintiff Sheri Wade ("Ms. Wade"), by counsel, hereby moves the Court for an entry of default judgment against Defendant Interworks Unlimited Inc. ("Interworks"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Ms. Wade submits the following in support of entry of default judgment against Interworks.

1. Interworks is a non-natural person and is not subject to the potential exceptions to entry of a default judgment applicable to an infant or incompetent or a person in military service or otherwise exempted under the Servicemembers Civil Relief Act (50 U.S.C. App. § 521).

2. Interworks has not appeared in this action despite having been duly served with the Summons and Complaint in this matter.

3. Interworks failed to file a response to the Complaint within the date by which its responsive pleading was due or at any time thereafter, and Interworks has not made an appearance in this action.

4. Accordingly, the Clerk of Court made an entry of default on February 19, 2019 (ECF No. 7).

5.  Ms. Wade previously filed her first Motion for Default Judgment and Memorandum in Support (ECF Nos. 9-10) on March 19, 2019.

6.  On August 12, 2019, the Court entered an Order denying Plaintiff's Motion without prejudice and instructing her to move for default judgment by September 6, 2019.

7.  On September 6, 2019, Ms. Wade filed her second Motion for Default Judgment and Memorandum in Support (ECF Nos. 15-16).

8.  On September 15, 2020, the Court entered an Order granting Plaintiff's second Motion for Default Judgment (ECF No. 17).

9.  Unbeknownst to Ms. Wade, Interworks had filed for bankruptcy in the Central District of California on July 9, 2019, without listing Ms. Wade as a creditor in its bankruptcy filings and or otherwise giving Ms. Wade notice that it had filed bankruptcy.

10. Because the September 15, 2019 Order of Default Judgment violated the automatic stay associated with Interworks' bankruptcy proceedings, Ms. Wade moved to set aside that judgment (ECF Nos. 18-19).  The Court granted that motion on April 28, 2021 (ECF No. 20).

11. Ms. Wade subsequently submitted her proof of claim in Interworks' bankruptcy proceedings and obtained an order relieving her from the automatic stay so that she could continue the instant litigation against Interworks.

12. Ms. Wade now requests an entry of default judgment against Interworks and her bases for seeking such relief are more particularly stated in her Memorandum in Support of Third Motion for Default Judgment, which is incorporated herein by reference.

Accordingly, Ms. Wade requests that this Court enter default judgment against Interworks, and award her any other relief that this Court deems necessary and appropriate.

Respectfully submitted,
SHERI WADE

By: _____/s/_____
                    Counsel

Jonathan E. Halperin, Esq. (VSB No. 32698)
Andrew Lucchetti, Esq. (VSB No. 86631)
Isaac A. McBeth, Esq. (VSB No. 82400)
Halperin Law Center, LLC
4435 Waterfront Drive, Suite 100
Glen Allen, VA 23060
Phone: (804) 527-0100
Facsimile: (804) 597-0209
jonathan@hlc.law
andrew@hlc.law
isaac@hlc.law

and

Brody Reid, Esq. (VSB No.75343)
Reid Goodwin, PLC
4116 Fitzhugh Avenue
Richmond, Virginia 23230
Phone: (804) 415-7800
Facsimile: (804) 415-7560
breid@reidgoodwin.com
*Counsel for Plaintiff*