UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SHERI WADE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:18cv828 (MHL) |
| | ) |
| INTERWORKS UNLIMITED, INC. | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PRESENT EVIDENCE VIA UNSWORN DECLARATION IN LIEU OF LIVE TESTIMONY AND TO AMEND WITNESS & EXHIBIT LIST**

Plaintiff Sheri Wade ("Ms. Wade"), by counsel and pursuant to Federal Rule of Civil Procedure ("Rule") 16(b) and Federal Rule of Evidence 611(a), hereby submits her Memorandum in Support of Motion for Leave to Present the testimony of Dr. Andrew Bogle through an Unsworn Declaration in Lieu of Live Testimony and to Amend her Witness and Exhibit List to reflect the same. In support of the relief requested herein, Ms. Wade respectfully states the following:

**LEGAL STANDARD**

Rule 16(b) of the Federal Rules of Civil Procedure provides that a previously entered scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also E.D. Va. Loc. Civ. R. 16(B) ("The parties and their counsel are bound by the dates specified in any such orders and no extensions or continuance thereof shall be granted in the absence of a showing of good cause.").

"Federal Rule of Evidence 611 gives district courts broad discretion over the presentation of evidence in the course of the trial 'so as to make the . . . presentation effective' and 'avoid wasting time.'" *Callahan v. Pac. Cycle, Inc.*, 756 F. App'x 216, 224 (4th Cir. 2018) (quoting

1

Fed. R. Evid. 611). The district court's broad discretion over the presentation of evidence at trial includes the discretion to accept alternate forms of evidence in lieu of live witness testimony. *United States v. Moussaoui*, 365 F.3d 292, 316 (4th Cir. 2004) ("We leave to the discretion of the district court the question of whether to rule on the admissibility of a particular substitution [for testimony] . . . at trial or during pre-trial proceedings."). Relevant here, a claim for damages may be supported by affidavit. *See First Assembly of God of Alexandria, Inc. v. Cathedral Design & Constr., Inc.*, 2009 U.S. Dist. LEXIS 132994, at *21-22 (E.D. Va. Mar. 20, 2009) (finding that "plaintiff has provided an appropriate basis for judgment through the well-pled complaint and the affidavits in support of default judgment."), *adopted by* 2009 U.S. Dist. LEXIS 41841 (E.D. Va. May 15, 2009).

## ARGUMENT

1. On November 12, 2021, Plaintiff filed her initial and Supplemental Witness & Exhibit Lists for Hearing on Plaintiff's Third Motion for Default Judgment (ECF Nos. 25, 26). Plaintiff had originally intended to present Dr. Bogle's testimony through video deposition, in part for the convenience of the witness, but also given that he occupies a high-risk profession that requires him to interact with members of the public on a daily basis. In Plaintiff's original calculus, presentation of Dr. Bogle's testimony through video deposition proved a safe and efficient method of proving her quantum of damages during the hearing. In addition, Dr. Bogle's deposition testimony would prove materially indistinguishable from his live testimony.

2. Moreover, there are no foreseeable credibility issues relating to Dr. Bogle's testimony. He is Plaintiff's treating physician, and his testimony simply establishes the treatment Ms. Wade underwent as a result of her fall from the hoverboard and the associated medical bills.

3. However, Plaintiff now believes that presentation of Dr. Bogle's video deposition may be problematic under Federal Rule of Civil Procedure 32. Accordingly, Plaintiff seeks leave to present Dr. Bogle's opinions in an unsworn declaration in lieu of live testimony. Dr. Bogle's Unsworn Declaration is attached hereto as **Exhibit A**.

4. Dr. Bogle's unsworn declaration represents competent evidence that the Court may consider under 28 U.S.C. § 1746.

5. Accordingly, Plaintiff moves the Court to accept Dr. Bogle's Unsworn Declaration in lieu of his video deposition and/or live testimony. Presentation of the Unsworn Declaration will promote judicial economy by ensuring the speedy (and uncontested) presentation of evidence and will avoid unnecessary exposure and interaction with an individual who interacts with the public on a daily basis.

6. Should the Court accept Dr. Bogle's Unsworn Declaration, Plaintiff contemporaneously moves to amend her Witness and Exhibit List to reflect this change. Plaintiff's Proposed Amended Witness & Exhibit List is attached hereto as **Exhibit B**.

7. Alternatively, Plaintiff moves the Court to allow Dr. Bogle to appear remotely at the hearing via a Zoom video link. Allowing Dr. Bogle to appear remotely will address Plaintiff's safety and efficiency concerns, while also preserving the law's respect for live testimony.

## CONCLUSION

Accordingly, for the reasons stated above, Ms. Wade respectfully requests that the Court grant her Motion for Leave to Present Evidence Via Unsworn Declaration in Lieu of Live Testimony and To Amend her Witness and Exhibit List, and for such further relief as the Court

deems just and proper.

DATE: November 15, 2021

Respectfully submitted,

SHERI WADE

By: _____/s/_____
                     Counsel

Jonathan E. Halperin, Esq. (VSB No. 32698)
Darrell J. Getman (VSB No. 95791)
Halperin Law Center, LLC
4435 Waterfront Drive, Suite 100
Glen Allen, VA 23060
Phone: (804) 527-0100
Facsimile: (804) 597-0209
jonathan@hlc.law
darrell@hlc.law

and

Brody Reid, Esq. (VSB No.75343)
Reid Goodwin, PLC
4116 Fitzhugh Avenue
Richmond, Virginia 23230
Phone: (804) 415-7800
Facsimile: (804) 415-7560
breid@reidgoodwin.com
*Counsel for Plaintiff*