**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| SHERI WADE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-828 (MHL) |
| ) | |
| INTERWORKS UNLIMITED, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**UNSWORN DECLARATION OF ANDREW M.I. BOGLE, M.D.**

I, Andrew M.I. Bogle, M.D., make the following Unsworn Declaration pursuant to 28 U.S.C. § 1746. I make this Unsworn Declaration based upon my personal knowledge of the matters stated herein and do hereby declare the following under penalty of perjury:

1. I am over the age of 18 and voluntarily make this Unsworn Declaration.

2. All opinions offered herein are made to a reasonable degree of medical certainty and are based on my personal knowledge from treating Sheri Wade as a patient.

3. I am licensed to practice medicine in the Commonwealth of Virginia. I earned my undergraduate degree at the University of Richmond and subsequently earned my Medical Degree from the Medical College of Virginia. After I earned my Medical Degree, I completed five years of orthopedic surgery training at the University of Rochester. Thereafter, I completed an additional year of hand, wrist, and elbow specialty training at Wake Forest University. In addition, I am board certified in orthopedic surgery. I have been practicing orthopedic medicine in the Commonwealth of Virginia for the past eight (8) years.

4. Sheri Wade has been my patient since January 9, 2017. Ms. Wade first presented to me after she fell off a hoverboard on January 8, 2017. Ms. Wade sustained serious injuries from that fall, to include: a severely displaced and multi-fragmentary fracture of her elbow, distal humerus, and a widely displaced distal radius fracture to her left wrist. These injuries created notable pressure on her median nerve at the wrist such that she also developed acute carpal tunnel syndrome.

5. Given the severity of Ms. Wade's injury, I recommended urgent surgery, which was performed on January 9, 2017. A true and authentic copy of the surgery records are attached hereto as **Exhibit B1**.

6. The January 9, 2017, surgery involved three primary procedures. The first was an open reduction internal fixation of the distal humerus (elbow). Next, I performed a carpal tunnel release. Finally, I performed an open reduction internal fixation of the distal radius (wrist). As part of the surgery, I implanted plates and a number of screws to Ms. Wade's humerus and forearm. These procedures were reasonable and necessary and casually related to Ms. Wade's fall from the hoverboard on January 8, 2017.

7. Ms. Wade continued to treat through my office for several years, undergoing physical therapy and, on September 14, 2017, another surgical intervention to address debilitating contractures of her MCP requiring ten (10) surgical procedures to address joint releases and extenso tenolsyis on her left four fingers as well as to remove some of the hardware installed during the January 9, 2017, initial surgery. The records relating to the partial removal of the hardware is attached hereto as **Exhibit B2**.

8. Ms. Wade continued to treat through my office and incurred medical expenses as a result of that treatment, all of which was causally related to her fall off the hoverboard and the consequent injuries. Her medical expenses include:

    a) St. Francis Medical Center Billing, **Exhibit B3**;

    b) Richmond Emergency Physicians Billing, **Exhibit B4**;

    c) Commonwealth Radiology Billing, **Exhibit B5**;

    d) OrthoVirginia Patient Ledger Billing, **Exhibit B6**;

    e) Commonwealth Anesthesia Billing, **Exhibit B7**;

    f) Boulders Ambulatory Surgery Center Billing, **Exhibit B8**;

    g) Physical Therapy Solutions LP Billing, **Exhibit B9**.

9. I have reviewed the underlying medical records and associated bills reflected in Exhibits B3 – B9 and conclude, to a reasonable degree of medical certainty, that the medical care reflected in the records and the expenses incurred as a result of that care were all reasonable, necessary, and causally related to Ms. Wade's fall from the hoverboard.

10. I have also reviewed Ms. Wade's Statement of Damages and conclude that the Statement of Damages fairly and accurately reflects all of the charges associated with the medical care that Ms. Wade received as a result of her fall from the hoverboard on January 8, 2017. All of these charges represent medical care that was reasonable, necessary, and causally related to Ms. Wade's fall. A true and authentic copy of the Statement of Damages is attached here to as **Exhibit B10**.

11. Ms. Wade suffered permanent injury to her left elbow, forearm, and wrist that is objective and permanent. To evaluate the permanency of Ms. Wade's injury, I sent her to Elliot Skorupa to conduct a functional capacity evaluation. A true and authentic copy of that Functional Capacity Evaluation is attached hereto as **Exhibit B11**. I have reviewed the Functional Capacity

Evaluation completed by Mr. Skorupa and agree that it fairly and accurately represents Ms. Wade's residual functional capacity. Accordingly, I endorse Mr. Skorupa's findings and conclude that Ms. Wade has suffered permanent impairment under the Guidelines set forth by the AMA.

12. Finally, I have taken X-rays of Ms. Wade as recently as August 2021. Those X-rays fairly and accurately depict the condition of Ms. Wade's left arm as it existed in August 2021. True and authentic copies of those X-rays are attached hereto as **Exhibits B12 and B13**, respectively.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15 day of November 2021

*Andrew Bogle*
Andrew Bogle, M.D.