IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SHERI WADE,**

    **Plaintiff,**

v.                                                 **Civil Action No. 3:18cv828**

**INTERWORKS UNLIMITED, INC.,**

    **Defendant.**

## ORDER

This matter comes before the Court on Plaintiff Sherri Wade's Third Motion for Default Judgment. (ECF No. 21.) On November 30, 2018, Wade brought this two-count personal injury action against Defendant Interworks Unlimited, Inc. ("Interworks"). (ECF No. 1.) On January 22, 2019, Wade properly served Interworks, (ECF No. 4), and Interworks did not respond to the Complaint. On February 14, 2019, Wade requested that the Clerk of Court enter default as to Interworks, (ECF No. 6), which the Clerk entered on February 19, 2019, (ECF No. 7). Wade thereafter filed two Motions for Default Judgment, (*see* ECF Nos. 9, 15), which were set aside for procedural reasons, (*see* ECF Nos. 11, 17, 20).

Wade's Third Motion for Default Judgment now pends before the Court. (ECF No. 21.) The Court held a hearing on the Third Motion for Default Judgment on November 23, 2021. For the following reasons, the Court will grant the Third Motion for Default Judgment and enter default judgment against Interworks in the amount of $2,000,000.

Prior to entering a default judgment, the Court must ensure that: (1) it possesses personal jurisdiction over the defaulting party; (2) it possesses subject-matter jurisdiction over each of the claims; (3) the action is in the proper venue; and, (4) the defaulting party received proper service

of process. *Am. Auto. Assoc. v. AAA Auto Glass, LLC*, No. 1:14-cv-01072, 2015 WL 3545927, at *1–2 (E.D. Va. June 3, 2015). The Court also must "determine whether the well-pleaded allegations in [Plaintiff's] complaint support the relief sought in this action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

The Court finds that the Court has jurisdiction over the parties and subject matter of this case. Venue is proper and Interworks has been properly served. Additionally, an entry of default has been entered against Interworks. (ECF No. 7.) Wade is entitled to default judgment against Interworks based on the well-pleaded facts of the Complaint. Considering the level of permanent disability firmly evident and established in the record (including the permanent loss of the use of her left hand and arm for many of the most basic life tasks), the amount of damages already incurred (including the cost for 11 surgeries), the pain she suffered and will suffer going forward, the mental and emotional suffering she has and will experience, alongside Ms. Wade's age and life expectancy, the Court will award Ms. Wade the full $2,000,000 she seeks in her Complaint.

ACCORDINGLY, THE COURT HEREBY:

1. GRANTS the Motion, (ECF No. 21);

2. ENTERS default judgment against Interworks for $2,000,000.00 for compensatory damages, attorneys' fees pursuant to Va. Code Ann. § 59.1-206, and pre-judgment and post-judgment interest;

3. RETAINS jurisdiction over any matter pertaining to this judgment; and,

4. DISMISSES this case, and the Clerk of Court shall remove it from the Court's docket. This is a final appealable order. *See* Fed. R. App. P. 4(a).

Let the Clerk send a copy of this Order to all counsel of record and Interworks at its address of record.

It is SO ORDERED.

Date: 11-23-21
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

3